IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-02167-WYD-KMT

STEPHEN CHARLES TASSIO,

    Plaintiff,

v.

MARY MULLARKEY, individually and in her capacity as Chief Justice;
BILL RITTER, individually and in his capacity as Governor;
JOHN SUTHERS, individually and in his capacity as Attorney General; and
ROXY HUBER, individually and in her capacity as Executive Director, Jointly and Severally,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

I.     INTRODUCTION

This matter is before the Court on the Defendants' Motion to Dismiss (docket #5), which was filed on November 6, 2007.[1] The matter was initially referred to Magistrate Judge Watanabe for a Recommendation by Order of Reference dated October 23, 2007. However, this case was reassigned to Magistrate Judge Tafoya on January 9, 2008. Magistrate Judge Tafoya issued a Recommendation on July 10, 2008, which is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1. Magistrate Judge Tafoya recommends therein that the motion to dismiss pursuant to Fed. R. Civ. P 12(b)(6) be granted. (Recommendation at 28.)

---

[1] Initially, there were additional motions pending, however, they were withdrawn by the Plaintiff. Thus, this Order will only address the pending motion to dismiss.

Magistrate Judge Tafoya advised the parties that they had ten (10) days to serve and file written, specific objections to the Recommendation. (Recommendation at 28-29.) On July 21, 2008, Plaintiff (hereinafter referred to as "Plaintiff" or "Tassio") filed a timely Objection which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

## II.  BACKGROUND

Plaintiff's 163 page complaint, filed on October 15, 2007, alleges seven causes of action against the Defendants. Plaintiff's claims seem to arise from his failure to pay state income tax and Colorado's subsequent attempts to collect unpaid income tax plus penalties and interest for tax years 1999, 2000, 2001, 2002, and 2003 in the approximate amount of $29,051.35. (Recommendation at 2.) By way of background, Magistrate Judge Tafoya gleaned the following relevant facts from the Plaintiff's prolix complaint.

> In August, 2005, the Colorado Department of Revenue (hereinafter "Revenue") wrote Tassio requesting he file the missing tax returns. (Compl., Exh. 2.) In September 2005, Tassio responded by letter claiming that no authority existed for Colorado's system of taxation, that 'statutes' create no power to assess or collect taxes, and several more arguments typically espoused in so-called 'tax protester' cases. *Id.* Revenue then sent Tassio Notices of Deficiency for the tax years in question. *Id.* In September, 2005, Revenue sent Tassio a letter of explanation, Notices of Deficiency (which contained the procedure for protest on the reverse side) and a copy of its Explanation of Items. (Compl., Exh. 3 and Exh. 8.) Tassio did not avail himself of the statutory protest procedure and the state obtained deficiency judgments by operation of law which it later proceeded to execute through writs of garnishment against Tassio's wages. Colo. Rev. Stat. 39-21-103(2) and 39-21-114(3).
>
> Revenue again sent Tassio a Notice of additional deficiencies on October

21, 2005, and Tassio responded with another letter to Revenue. (Compl. Exh. 3.) Again, however, Tassio did not avail himself of the administrative and judicial protest procedure and the state ultimately obtained a judgment which it proceeded to execute through writ of garnishment against his wages. Having not administratively or judicially challenged the judgments, it appears Mr. Tassio did not know the judgments had entered until he was notified by his employer of the wage garnishments. (Compl. at ¶¶ 1, 10.)

III. RECOMMENDATION

As stated earlier, Magistrate Judge Tafoya recommended that Defendants' Motion to Dismiss be granted and the case dismissed. (Recommendation at 28.) In her Recommendation, Magistrate Judge Tafoya noted that the Defendants argue that this matter should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) on the following grounds: (1) the complaint is indecipherable in violation of Fed. R. Civ. P. 8; (2) the Court has no jurisdiction over this matter; (3) claims one, three, four, and five all fail to state a claim upon which relief can be granted which is plausible on its face; and (4) claims two, six, and seven are not cognizable under any facts set forth by Plaintiff. Magistrate Judge Tafoya made the following findings.

A. Fed. R. Civ. P. 8

Magistrate Judge Tafoya first found that "Rule 8(a) requires that a plaintiff's complaint contain 'a short and plain statement' of the grounds upon which his claim is based, a short and plain statement that he is entitled to relief, and a demand for judgment." (Recommendation at 8) (quoting Fed. R. Civ. P. 8(a)). Magistrate Judge Tafoya further found that "[i]n addition to being short and concise, however, a pleading must be specific enough to give the defendants in this case fair notice of what the plaintiff's claims are and the grounds upon which they rest." (Recommendation at 9.)

Magistrate Judge Tafoya concluded that "[i[t would be utterly impossible for the state defendants to respond to such a tome. For this reason alone, the plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 8." (Recommendation at 9.)

B. Jurisdiction

Next, Magistrate Judge Tafoya addressed the Defendants' argument that this matter should be dismissed for lack of jurisdiction. She explained that "[a]t the core of all Tassio's Claims for Relief is his challenge to the state tax law system . . . the Complaint is that Tassio did not receive due process when tax delinquency judgments were entered against him in state court proceedings which opened the door to garnishment of his wages." (Recommendation at 10.) Magistrate Judge Tafoya stated that the Plaintiff lacks standing to challenge the Colorado state income tax laws in federal court under the Tax injunction Act ("TIA"). 28 U.S.C. § 1341. "The TIA forbids federal courts from exercising jurisdiction over certain kinds of claims involving state taxation, stating '[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.'" (Recommendation at 10) (quoting 28 U.S.C. § 1341.) Due to Plaintiff's failure to engage in the statutory process for objections to delinquency notices in the Colorado state courts, tax judgments were entered against him. Later, Plaintiff's wages were garnished to collect on the judgments. Magistrate Judge Tafoya found that the Plaintiff's claims challenging the state court process are "inextricably intertwined" with the state court judgment for Plaintiff's tax deficiency. Thus, he lacks standing under the *Rooker-Feldman* doctrine,

and "none of his claims contain facts sufficient to overcome a Rule 12(b)(6) dismissal." (Recommendation at 12.)

      C.    <u>Failure to State a Claim</u>

As an alternate ground for dismissal, Magistrate Judge Tafoya found that "plaintiff has failed to state claims upon which relief could be granted as to each of his individual claims." (Recommendation at 12.)

> The underlying premise for Claims One, Three, Four and Five is that the United States' federal system of income taxation is unconstitutional, and since the statute requiring the filing of a Colorado state income tax return hinges on a potential taxpayer's requirement for filing a federal tax return . . . Plaintiff argues substantively that he was not required to file tax returns in Colorado for the years at issue.

(Recommendation at 14.) In her Recommendation, Magistrate Judge Tafoya rejected this argument and cited ample case law contrary to Plaintiff's position. She stated that it is well settled that the income tax laws are not unconstitutional under the due process clause of the Fifth Amendment or defective due to discriminatory progressive tax rates. Magistrate Judge Tafoya further concluded and cited supporting authority that "[o]nce judgment has been entered against a defendant, including a proper default judgment as happened in this case when Tassio did not avail himself of the state law remedies explained in his multiple Notices of Deficiency, no additional notice or hearing is constitutionally necessary to execute or levy upon, or garnish the judgment debtor's property." (Recommendation at 16.)

With respect to Plaintiff's second, sixth, and seventh claims, Magistrate Judge Tafoya found that they are not cognizable under any set of facts set forth by Plaintiff. "Claims that the state is improperly constituted to allow its Executive Branch to pass

legislation, especially those concerning the generation of revenue through taxation, and its judiciary to enforce violations of the legislation concern only the 'generalized interest of all citizens in constitutional governance,' . . . and are an inadequate basis upon which to allow Tassio's claims to proceed." (Recommendation at 17) (internal citations omitted).

Turning to Plaintiff's third and fourth claims, Magistrate Judge Tafoya stated that

> Tassio contends in his Third Claim for Relief that the state defendants sent various documents to him through the mail which constituted mail fraud and extortion. These are criminal violations which can only be prosecuted by the U.S. Attorney. Fraud, of course, can support a civil action, however the facts contained in Tassio's complaint do not sufficiently state a claim for fraud. In the Fourth Claim for Relief, Tassio alleges a violation of the civil RICO statutes, utilizing the mail fraud and extortion claimed in the Third Claim as predicate acts to support a claim of conspiracy to engage in racketeering activity.

(Recommendation at 19.) After carefully analyzing Plaintiff's allegations and citing supporting authority, Magistrate Judge Tafoya found that mail fraud is not committed by sending notices through the mail,

> even if the recipient plaintiff perceives them as fraudulent based upon his feelings about the federal and state taxation authorities. There are no facts alleged in Tassio's complaint that support that the documents sent to Tassio by Revenue were false or that the mail was used to further a scheme to defraud or obtain money or property through false pretenses.

(Recommendation at 23.) Magistrate Judge Tafoya further concluded that without the predicate acts, "there are no facts supporting a claim of RICO violations that is plausible on its face to support Claim Four." (Recommendation at 23.) Thus, these claims fail as a matter of law.

Finally, Plaintiff alleges libel in his fifth claim for relief. Specifically, Plaintiff claims

the publication of his tax delinquency on the Colorado Department of Revenue web site was libelous. Magistrate Judge Tafoya found that "[t]he publication of Tassio's name on the web site was as a result of judgments, not under seal, obtained by statute in the Colorado state court. Therefore, the substance or gist of the publication that Tassio owed a specific amount of Colorado income tax . . . was presumptively true and supported by the judgments of record." (Recommendation at 25-26.) Accordingly, there are insufficient facts to state a claim for relief that is plausible on its face.

IV. PLAINTIFF'S OBJECTIONS

On July 21, 2008, Plaintiff filed timely objections to Magistrate Judge Tafoya's Recommendation. As a preliminary matter, I point out that it was difficult to determine what Plaintiff's specific objections to Magistrate Judge Tafoya's Recommendation were. Plaintiff's objections consist of unorganized paragraphs refuting the Recommendation with an occasional reference to the complaint. Despite the nebulous nature of Plaintiff's objections, I will address them to the extent to which I can ascertain what is being objected to.

A. Fed. R. Civ. P. 8

First, Plaintiff states that he had difficulty complying with Rule 8 in drafting his complaint, and he requests that he be allowed to file an amended complaint. I reject this request. After filing her Recommendation, Magistrate Judge Tafoya denied Plaintiff's motion for leave to file an amended complaint. Further, I find that Plaintiff fails to set forth a cognizable argument supporting his request. (Objection at 2.) I find that Magistrate Judge Tafoya's Recommendation on this issue is well-reasoned and

appropriate. I also find that even though Plaintiff's complaint clearly violates Fed. R. Civ. P. 8, there are alternate grounds for dismissal of this action.

  B.  <u>Jurisdiction</u>

Plaintiff objects to Magistrate Judge Tafoya's Recommendation regarding jurisdiction. He states that he is not challenging Colorado state income tax laws under the TIA as there is no reference to the TIA in his complaint. Plaintiff further asserts that this Court has original jurisdiction under 28 U.S.C. § 1331. Plaintiff claims that he is seeking damages for violations of his "14th Amendment rights to due process, future damages for libel and punitive damages for other reasons." (Objection at 5.) Turning to my analysis, I overrule Plaintiff's objection. First, the TIA clearly prohibits federal courts from exercising jurisdiction over certain kinds of claims involving state taxation. The TIA has been interpreted as a "jurisdictional rule and a broad jurisdictional barrier." *Arkansas v. Farm Credit Services of Cent. Arkansas*, 520 U.S. 821, 825 (1997). The TIA "was first and foremost a vehicle 'to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes.'" *Id.* at 826. While the Plaintiff argues his complaint only alleges Fourteenth Amendment violations, his claims specifically challenge the constitutionality of state tax laws and the enforcement of those tax laws. Thus, the TIA is invoked by the nature of Plaintiff's causes of action. Further, Plaintiff only makes general conclusory statements and fails to cite any authority for his objection or state with specificity why his claims invoke the 14th Amendment and not the TIA.

Second, Plaintiff objects and argues that he has not violated the *Rooker-Feldman*

doctrine as he is not seeking nullification or reversal of any state court ruling. The *Rooker-Feldman* doctrine is a jurisdictional prohibition that is based on 28 U.S.C. § 1257. It holds that federal review of state court judgments may be obtained only in the United States Supreme Court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994) (holding that the *Rooker-Feldman* doctrine bars "what in substance would be appellate review of the state judgment in a United States district court, based on [a] claim that the state judgment itself violates . . . federal rights"). The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Here, Plaintiff is challenging the state court tax delinquency process in all of his claims for relief. Plaintiff's claims arise directly out of the imposition of state court judgments for his failure to pay his taxes. I agree with Magistrate Judge Tafoya that "only if the state court judgments and garnishment proceedings were overturned would Tassio's claims have any marginal chance for success. As long as they stand, he lacks standing and none of his claims contain facts sufficient to overcome a Rule 12(b)(6) dismissal." (Recommendation at 12.) Thus, I overrule Plaintiff's objection that he did not invoke the *Rooker-Feldman* doctrine in his complaint. Finally, I summarily reject Plaintiff's conclusory statement that since the Defendants admitted jurisdiction in the

Final Pretrial Order, the "allegations in [sic] Recommendation regarding Plaintiffs [sic] standing and Courts [sic] jurisdiction are irrelevant, immaterial, and incompetent." (Objection at 7.) I find that this objection is both unintelligible and unsupported by any authority.

      C.      <u>Plaintiff's First Claim for Relief</u>

Next, Plaintiff objects to Magistrate Judge Tafoya's Recommendation that his first claim for relief fails to state a claim. He states that his first claim "deals solely with the fact that his wages were garnished at a trial to which he was never summonsed [sic]." (Objection at 8.) Plaintiff states that the Recommendation minimizes his right to due process and "Plaintiff has no grounds to complain if his 14th Amendment rights have been violated." (Objection at 8.) Plaintiff further argues that his claims under the Fourteenth Amendment "do create a cause with merit that will sustain an action for which relief can be granted." (Objection at 8.) I note that the Tenth Circuit has held that "objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review. . . ." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). Here, Plaintiff does not make a specific objection. Instead, Plaintiff sets forth vague, general statements and argues that the Recommendation is "an absurdity" and his causes of action "do create a cause with merit. . . ." (Objection at 8.) Plaintiff further makes the blanket statement that he "has established by law that he is not required to file a federal income tax return and the IRS has acknowledged that fact." (Objection at 9.) I overrule this objection as it fails to focus my attention on any particular factual or legal issue that is truly in dispute.

D. Plaintiff's Sixth and Seventh Claims for Relief

Next, the Plaintiff acknowledges that the "matter within his Second Claim is perhaps better placed as exhibits and or evidence." (Objection at 11.) Plaintiff further states that the Defendants "OPERATE the government improperly" and goes on to refer to Hitler and Saddam Hussein. (Objection at 12-13.) I overrule this objection as I am unclear as to what arguments the Plaintiff is asserting.

E. Plaintiff's Third and Fourth Claims for Relief

With respect to Plaintiff's claims for mail fraud and extortion, the Plaintiff objects to the Recommendation and generally argues that he has not asked the Court to prosecute Plaintiff's claims of mail fraud and extortion. Finally, Plaintiff states that he has shown fraud in his third claim for relief. "Within his Original Complaint pg [sic] 24-28 Plaintiff very clearly shows that Defendants used the US Mail to communicate demands and threats to Plaintiff when it was known by them that they had no justification, authority or jurisdiction to do so." (Objection at 13.) Again, I overrule this objection as I find it unintelligible.

F. Plaintiff's Fifth Claim for Relief

Plaintiff objects to the Recommendation in connection with his claim for libel. Plaintiff again makes general, conclusory statements without citing any support. Thus, I overrule Plaintiff's objection.

V. CONCLUSION

After carefully reviewing Magistrate Judge Tafoya's Recommendation and Plaintiff's Objections, I agree with Magistrate Judge Tafoya that Plaintiff's claims should

be dismissed for the reasons stated in both the Recommendation and this Order. Magistrate Judge Tafoya's Recommendation is thorough, well reasoned and is adopted. Accordingly, Plaintiff's Objections are overruled. To the extent Plaintiff asserts other objections, I find no merit to them. Accordingly, the Recommendation of Magistrate Judge Tafoya is affirmed and adopted, and Defendants' motion to dismiss is granted. For the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge Tafoya (docket #45) is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that the Defendants' Motion to Dismiss (docket #5) is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.

Dated: August 5, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge